# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| SHEILA WILSON, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | _____ |
| HEARDMONT NURSING HOME, | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Sheila Wilson, and hereby files this Complaint against Heardmont Nursing Home ("Defendant"), alleging that Defendant interfered with Plaintiff's rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* to take time off from work in order to have surgery; that they retaliated against her for exercising her rights under the FMLA; and that Defendant violated her rights under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

## INTRODUCTION

1.

This is an action for monetary relief brought under the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

2.

Through this action, Plaintiff seeks redress of unlawful actions directed towards her in her employment by the Defendant and seeks restitution under the laws of the United States for losses she suffered as a direct and proximate result of Defendant's actions.

3.

This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction enjoining Defendant from maintaining policies and practices of interfering with; retaliating against Plaintiff and other employees who seek to take FMLA qualifying leave; and enjoining the Defendant from discriminating against Plaintiff and other persons with disabilities.  This action also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for Defendant's unlawful practices.

4.

Among other relief sought, this action seeks back pay, liquidated

damages, equitable relief (such as reinstatement or if that is not feasible, front pay), compensatory damages, punitive damages, attorneys' fees and costs.

## **JURISDICTION AND VENUE**

5.

Jurisdiction of this Court over Plaintiff's claims is invoked pursuant to 29 U.S.C. § 2601 *et seq.* (FMLA), 28 U.S.C. §§ 1331, 1343(a)(4). §§ 2201 and 2202; and 42 U.S.C. § 12101 et seq. (ADAAA).

6.

Venue is appropriate in this Judicial District because Defendant conducts business in this district and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

## **PARTIES**

7.

Plaintiff is a resident of the State of South Carolina and a citizen of the United States and submits herself to the jurisdiction of this Court.

8.

Defendant Heardmont Nursing Home is a corporation organized under the laws of and doing business in the State of Georgia, and is, therefore, subject to jurisdiction in Georgia.

9.

Defendant Heardmont Nursing Home is an employer that engages in activities affecting commerce within the meaning of the FMLA.

10.

Defendant Heardmont Nursing Home may be served by delivering process to its registered agent, Charles C. Mann, 1093 Lexington Hwy, Elberton, GA 30635.

11.

At all times relevant to this action, Defendant had more than fifty employees within 75 miles of Plaintiff's place of work.

12.

Defendant is a covered employer under the FMLA, 29 CFR § 825.104; and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.

## ADMINISTRATIVE PROCEEDINGS

13.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

14.

On or about March 9, 2021, Plaintiff received a Notice of Right to Sue from the EEOC relating to her charge of discrimination. This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

15.

Plaintiff was employed by Defendant as its Business Office Manager from September 24, 2018 to and through November 20, 2019 and worked more than 1250 hours in the year prior to her termination.

16.

Plaintiff has a disability, as defined by the ADAAA, that substantially affects her ability to perform major life functions, however, she was able to perform her job without any accommodations.

17.

Plaintiff's disability is also a serious health condition, as defined by the FMLA, in that it resulted in her being unable to work for more than three days, and required ongoing medical treatment, including surgery and medication.

18.

Plaintiff performed her job to the best of her ability under the circumstances that existed and responded to Management's direction on performing her job.

19.

Because of her disability Plaintiff needed to have surgery, which would require her to be out of work for approximately 3 weeks, and informed Defendant that she needed to take FMLA leave.

20.

Defendant confirmed Plaintiff's eligibility for FMLA leave and provided Plaintiff with FMLA paperwork to have completed by her doctor by November 25, 2019.

21.

Plaintiff's physician completed and returned the FMLA certification

paperwork to Defendant.

22.

On November 20, 2019, just days before her surgery and prior to the deadline for her to submit her FMLA certification paperwork, Plaintiff was terminated, with no reason given.

23.

After Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Defendant accused Plaintiff of various performance deficiencies, and presented written documentation, at least some of which had not been shown to her while she was employed, and some of which appear to have been falsified.

24.

Plaintiff denies she engaged in any conduct that justified her termination, and asserts that these *post hoc* reasons are prextextual, to cover up Defendant's illegal actions.

25.

At all times, Defendant acted willfully, intentionally and without regard for Plaintiff's protected rights.

## COUNT I
## Interference with FMLA Rights

26.

Defendant interfered with Plaintiff's FMLA rights, as reflected in the above Paragraphs 16-25, including, but not limited to, by terminating her instead of allowing her to take FMLA leave.

27.

Defendant's interference with Plaintiff's FMLA rights violated the Family and Medical Leave Act.

28.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur other monetary losses because of her termination.

29.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of interfering with her FMLA rights.

30.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the law.

31.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

32.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq*.

## COUNT II
### Retaliation for Requesting FMLA Leave

33.

The Defendant retaliated against Plaintiff for requesting FMLA leave, as reflected in the above Paragraphs 16-25, including, but not limited to, by terminating her employment after she requested FMLA leave, and just prior to her planned FMLA leave.

34.

Defendant's retaliatory actions violated the Family and Medical Leave Act.

35.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur other monetary losses because of being terminated.

36.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of retaliating against her for engaging in activities protected by the FMLA.

37.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

38.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

39.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq.*

## COUNT III
## VIOLATION OF THE ADAAA

40.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

41.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

42.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job for which she was hired by Defendant.

43.

Defendant's actions as set forth in Paragraphs 16 -23, including terminating Plaintiff violate the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

44.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

45.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

46.

Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

47.

Plaintiff is further entitled to compensatory and punitive damages for the violations of her rights under the ADAAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's right under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. and the Americans with Disabilities Act, as amended, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of their disabilities, for seeking and/or taking FMLA qualifying leave, and/or because of their participation in this lawsuit;

3. Order the Defendant to make whole the Plaintiff by providing for her reinstatement, back pay, reimbursement for lost pension and retirement benefits, insurance benefits, medical expenses incurred,

       social security, experience, training, and other benefits and expenses in an amount to be proven at trial;

4. Grant to Plaintiff liquidated damages in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful acts as provided by the FMLA inasmuch as Defendant have acted willfully and intentionally;

5. Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by the Defendant's unlawful and discriminatory acts, including her pain and emotional distress;

6. Grant to Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

7. Grant to Plaintiff a jury trial on all issues so triable;

8. Grant to Plaintiff a reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by law; and

9. Grant such additional relief as the Court deems proper and just.

Respectfully submitted this 7th day of June, 2021.

s/Janet E. Hill
Janet E. Hill, Esq.
Georgia Bar No. 354230
Attorney for Plaintiff
HILL & ASSOCIATES, P.C.
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
Telephone: (706) 353-7272
Fax: (706) 549-8446
E-mail: janet@hillworklaw.com
